```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
   RACHEL MEYERS,                                           :
                                                            :
                              Plaintiff                     :
                                                            :      20-CV-9645 (VSB)
                  -against-                                 :
                                                            :           ORDER
   PORT AUTHORITY OF NY/NJ, et. al.,                        :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On September 10, 2024, the post-discovery conference was held, pursuant to the operative case management plan. (Doc. 86 at 2.) At the conference, I directed, among other things, (1) the parties to address certain issues with discovery, (2) Plaintiff to submit confidential communication regarding Plaintiff's representation by Quinn Emanuel Urquhart & Sullivan, LLP during Plaintiff's deposition directly to me for *in camera* review, and (3) Plaintiff to submit proposed corrections to Plaintiff's deposition testimony. (*See* Doc. 95 (Defendants' Letter).) Since the September 10, 2024 post-discovery conference, the parties have filed multiple letters concerning (1) Plaintiff's allegedly deficient legal representation during her deposition on June 27, 2024 and (2) the status of discovery. (Docs. 93–99.)

*First*, Plaintiff submitted multiple letters alleging she had deficient legal representation in relation to her deposition on June 27, 2024.[1] (Docs. 93–94, 97, 99.) As an initial matter, these issues seem to be essentially a claim of ineffective assistance of counsel. However, a claim of

---

[1] Plaintiff's letters on September 23 and 24, 2024, (Docs. 93–94), which appear to be identical, were initially filed publicly. Those letters have since been restricted as *ex parte* documents viewable only to me, consistent with my direction during the September 10, 2024 post-discovery conference.

ineffective assistance of counsel is not cognizable in a civil matter where, as here, there is no prospect of imprisonment because the right to counsel under the Sixth Amendment does not apply.  *See LaPorte v. Fisher*, 692 F. App'x 649, 649 (2d Cir. 2017) (citing *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013); *United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981)) (summary order).  Instead, Plaintiff must make this ineffective-assistance-of-counsel claim in a separate malpractice proceeding.[2]  *See James v. United States*, 330 F. App'x 311, 313 (2d Cir. 2009) (citation omitted) (summary order).  In any event, I will not review Plaintiff's claims regarding legal representation until after discovery is completed in this case.

I will also not review Plaintiff's lengthy submissions of purported objections regarding her deposition testimony.  Defendants note that Plaintiff's relevance objections are preserved, and form objections have been waived.  (Doc. 95 at 2.)  Defendants are correct.  *See* Fed. R. Civ. P. 32(d)(3)(A) ("An objection to a deponent's competence—or to the competence, relevance, or materiality of testimony—is not waived by a failure to make the objection before or during the deposition, unless the ground for it might have been corrected at that time."); Fed. R. Civ. P. 32(d)(3)(B) ("An objection to an error or irregularity at an oral examination is waived if:  (i) it relates to the manner of taking the deposition, the form of a question or answer, the oath or affirmation, a party's conduct, or other matters that might have been corrected at that time; and (ii) it is not timely made during the deposition.").

*Second*, Plaintiff makes several claims and requests related to discovery.  For example, Plaintiff requested a 90-day extension to review Defendants' document production.  (Doc. 99 at 5.)  Plaintiff also continues to assert that PATHs document production remains deficient.  (*Id.*)  I will grant Plaintiff additional time to complete review of all produced documents.  In doing so, I

---

[2] In making this observation, I am not suggesting that any claim of ineffective assistance has merit.

am not opining on whether discovery was sufficient or whether there was misconduct in document production.

With regard to any summary judgment motions, I will decide the timing of any such motions, and any other issues, after Plaintiff completes her review of the discovery.

Accordingly, it is hereby:

ORDERED that Plaintiff has until January 2, 2025 to complete review of the produced documents.[3]

ORDERED that the parties appear before me in a telephonic conference on January 10, 2025 at 12:00 P.M to discuss the status of discovery and other pending issues.

SO ORDERED.

Dated: October 28, 2024
       New York, New York

_____
Vernon S. Broderick
United States District Judge

---

[3] January 2, 2025 is approximately 90 days since Plaintiff's October 4, 2024 request for additional time to review the produced documents. (*See* Doc. 99.)